UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority    ____
Send        ____
Enter       ____
Closed      ____
JS-5/JS-6   ____
Scan Only   ____

CASE NO.: **SACV 12-00354 SJO (PLAx)**     DATE: **June 20, 2012**

TITLE:     **John Leicht v. The Southwest Carpenters Pension Plan**

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**            **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** [Docket No. 14]

This matter is before the Court on Defendant The Southwest Carpenters Pension Plan's ("Defendant") Motion to Dismiss Plaintiff's Complaint ("Motion") filed on April 23, 2012. (*See generally* Mot., Apr. 23, 2012, ECF No. 14.) Plaintiff John Leicht ("Plaintiff") filed an Opposition ("Opposition") on April 30, 2012. (*See generally* Opp'n, Apr. 30, 2012, ECF No. 16.) Defendant filed a Reply ("Reply") on May 4, 2012. (*See generally* Reply, May 4, 2012, ECF No. 18.) The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 21, 2012. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court DENIES Defendant's Motion to Dismiss.

I.     FACTUAL AND PROCEDURAL BACKGROUND

The Complaint sets forth the following allegations. Defendant is a multiemployer pension plan (the "Plan") subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). (Compl. ¶ 3, Mar. 6, 2012, ECF No. 1.) Plaintiff was a participant in the Plan. (Compl. ¶ 1.) Plaintiff took early retirement on November 1, 2008 and began collecting pension benefits thereafter. (Compl. ¶ 8; *see generally* Compl.) On the date of Plaintiff's retirement, the Plan's terms specified that if a retiree worked in the "building and construction industry," then his benefits would be suspended. (Compl. ¶ 9.) The Plan made an exception for "work as a building inspector" (the "Exception"). (Compl. ¶ 9.)

In August 2010, Plaintiff began work as a private building inspector[1] and notified Defendant. (Compl. ¶ 10.) On November 1, 2010, Defendant suspended Plaintiff's benefits for working in

---

[1] Although neither Plaintiff nor Defendant refers to Plaintiff as a "private building inspector," it is clear from the pleadings that Plaintiff was a building inspector not in the employ of a government agency. (*See generally* Mot.; Opp'n.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** SACV 12-00354 SJO (PLAx)          **DATE:** June 20, 2012

prohibited employment, allegedly failing to cite the Exception. (Compl. ¶ 11.) On December 16, 2010, Plaintiff appealed and provided proof of his work as a private building inspector. (Compl. ¶ 12.) On March 29, 2011, Defendant denied Plaintiff's appeal, again allegedly failing to cite the Exception. (Compl. ¶ 13.) Plaintiff's prior counsel obtained the Plan documents from 2009, which showed that the Exception now explicitly included only building inspectors in "direct employment by a government agency." (Compl. ¶ 14.) Defendant later explained that the change was a clarification of the term "building inspector." (Compl. ¶ 17.) Defendant argues that the Board of Trustees (the "Board") made the clarification on June 19, 2008, before Plaintiff took early retirement. (Opp'n 3:2-5.) Defendant also contends that under the Plan terms, the Board has exclusive discretion to interpret the Plan's language. (Opp'n 6:11-16.)

On March 6, 2012, Plaintiff filed a Complaint alleging that Defendant had changed the Plan rules in a way that is "wrongful, unreasonable, and contrary to the clear Plan terms," in violation of ERISA. (Compl. ¶¶ 15, 18.) Plaintiff seeks a declaration that he may work as a building inspector for any employer without suspension of benefits. (Compl. ¶ 20.) Plaintiff seeks to bring a class action against Defendant on behalf of all similarly situated persons. (Compl. ¶ 2.)

Defendant now seeks to dismiss the Complaint on three grounds: (1) the claim is barred by res judicata; (2) the claim is barred by collateral estoppel; and (3) the Complaint should be dismissed pursuant to the persuasive authority of *Ginnever v. Carpenters Southwest Administration Corp.*, CV-10-06325 SJO (PLAx) (Aug. 26, 2011),[2] which shows that Defendant's denial of benefits is not an abuse of discretion. (*See generally* Mot.)

II.     DISCUSSION

    A.     Res Judicata

Under the doctrine of res judicata, "a valid final adjudication of a claim precludes a second action on that claim or any part of it." *Baker ex rel. Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 233 n.5 (1998) (citing Restatement (Second) of Judgments § 27 (1982)). Pursuant to Rule 8(c), res judicata is an affirmative defense. Fed. R. Civ. P. 8(c). Thus, the party raising the defense has the burden of proof. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008). Res judicata requires: "(1) an identity of claims[;] (2) a final judgment on the merits[;] and (3) privity between the parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

---

[2] In *Ginnever*, this Court held on summary judgment that it was not an abuse of discretion for Defendant to suspend the pension benefits of a retiree-participant under the Plan because the plaintiff had taken up employment as a private building inspector, in violation of the Exception as defined by the Board in 2008. (*See generally* Def.'s Req. for Judicial Notice ("RJN") Ex. 3 ("*Ginnever*"), Apr. 23, 2012, ECF No. 14-6.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>SACV 12-00354 SJO (PLAx)</u>          DATE:  <u>June 20, 2012</u>

Privity generally falls into one of six categories: (1) the nonparty contractually agrees to be bound by the judgment; (2) there is a "substantive legal relationship[]" such as assignor/assignee, bailor/bailee, or consecutive owners; (3) the party "adequately represented" the nonparty's interests, via a class action or suit brought by a fiduciary; (4) the nonparty assumed control over the initial litigation; (5) the nonparty is now relitigating as a proxy for the party; or (6) a statute "expressly" prohibits "successive litigation" by non-litigants, such as federal bankruptcy laws. *Taylor*, 553 U.S. at 893-95.

Here, Defendant has not carried its burden of proving that res judicata applies because it has not established privity between Plaintiff and Ginnever. Defendant asserts that privity exists because questions of law and fact are "common and identical" between the two. (Mot. 12:5-8.) This assertion is overbroad and insufficient. Plaintiff's relationship with Ginnever fails to meet any of the six accepted criteria: (1) Plaintiff never contractually agreed to be bound by Ginnever's judgment; (2) no substantive legal relationship of the sort described in *Taylor* exists; (3) Ginnever did not bring a class action and was not Plaintiff's fiduciary; (4) Plaintiff never assumed control over Ginnever's litigation; (5) Plaintiff is not Ginnever's proxy; and (6) this Court knows of no statute that expressly prohibits successive ERISA litigation. (*See generally* Mot.; Reply.)

Because Defendant has failed to prove privity between Plaintiff and Ginnever, the Court need not address the other requirements for res judicata. Accordingly, the Court finds that res judicata does not apply.

    B.    <u>Collateral Estoppel</u>

Under the doctrine of collateral estoppel, "an issue of fact or law, actually litigated and resolved by a valid final judgment, binds the parties in a subsequent action, whether on the same or a different claim." *Baker*, 522 U.S. at 233 n.5 (1998) (citing Restatement (Second) of Judgments § 27 (1982)). "The party asserting [collateral estoppel] bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.,* 114 F.3d 848, 850 (9th Cir. 1997). Collateral estoppel requires that:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000).

Here, Defendant has not carried its burden of proving collateral estoppel because it has not established privity between Plaintiff and Ginnever. Defendant asserts that privity exists because both of their interests are "closely aligned." (Mot. 13:21-23.) This assertion is insufficient. As discussed *supra*, Plaintiff's relationship with Ginnever fails to meet any of the six privity criteria.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>SACV 12-00354 SJO (PLAx)</u>          DATE: <u>June 20, 2012</u>

Because Defendant has failed to prove privity between Plaintiff and Ginnever, the Court need not address the other requirements for collateral estoppel. Accordingly, this Court finds that collateral estoppel does not apply.

      C.      <u>Persuasive Authority of *Ginnever* & Abuse of Discretion</u>

Defendant argues that the Court should dismiss this case under *Ginnever*'s persuasive authority because the facts are similar: inconsistent judgments, Defendant argues, would make administration of the Plan more difficult. (Mot. 15:16-20.) The Court notes that it is not authoritatively bound by its previous holdings. "*Stare decisis* is the **policy** of the court to stand by precedent." *In re Osborne*, 76 F.3d 306, 309 (9th Cir. 1996) (emphasis added). However, "[a] decision of a federal district court judge is not **binding** precedent . . . even upon the same judge in a different case." *Camreta v. Green*, 131 S. Ct. 2020, 2033 n.7 (2011) (emphasis added).

If a pension plan "grants discretion to the plan administrator 'to determine eligibility for benefits or to construe the terms of the plan,' the court reviews the administrator's decision for an abuse of discretion." *Anderson v. Suburban Teamsters of N. Ill. Pension Fund Bd. of Trs.*, 588 F.3d 641, 646 (9th Cir. 2009) (quoting *Abatie v. Alta Health & Life Ins.*, 458 F.3d 955, 963 (9th Cir. 2006)). However, benefit denials under ERISA are reviewed de novo - rather than for abuse of discretion - if the administrative record shows that the administrator failed to explain the reason for the denial. *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1199 n.2 (9th Cir. 2010).

Here, Defendant's argument to dispose of this case based on *Ginnever*'s persuasive authority fails because it is premature. Defendant argues that the Court should dismiss the case because Defendant did not abuse its discretion: in *Ginnever*'s similar factual circumstances, the Court found that "it was not an abuse of discretion for the Defendant to deny pension benefits to participants, like [Plaintiff]." (Mot. 15:3-5; *see generally Ginnever*.) Defendant's reliance on *Ginnever* is misplaced. In *Ginnever*, the Court did not find as a matter of law that, under the Plan, "building inspector" means "public building inspector." (*See generally Ginnever*.) Rather, the Court found only that **Ginnever's** denial was not an abuse of discretion. (*Ginnever* 12-13.) Determining an abuse of discretion is an inherently contextual inquiry, and at the pleading stage of litigation, such factual context is lacking.

Defendant argues that it has provided sufficient context - and is entitled to abuse of discretion review - because Defendant allegedly informed Plaintiff of its reasons for denial during the administrative appeal process. (Reply 2:26-29, 3:1-2.) In support of this contention, Defendant offers the purported administrative appeal denial letter ("Appeal Denial"), which states the reason for denial. (Def.'s Supplemental RJN Ex. 5 ("Appeal Denial") 1, May 4, 2012, ECF No. 17-1.)[3] Although a court may take judicial notice of matters in the public record, "a court may not take

---

[3] "Furthermore, your employment as a building inspector does not fall within the exception for Prohibited Employment provided for building inspectors for a city, county, state or federal agency." (Appeal Denial 1.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** SACV 12-00354 SJO (PLAx) | **DATE:** June 20, 2012 |

judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201(b)). Because Defendant submitted the Appeal Denial with its Reply, Plaintiff has had no opportunity to dispute its authenticity. Furthermore, the Appeal Denial is not a public document whose authenticity is readily verifiable. Thus, the Appeal Denial is not judicially noticeable, and Defendant cannot use it to gain access to an abuse-of-discretion standard of review at this time.

The Court declines to convert the instant Motion to a motion for summary judgment because the Court lacks sufficient evidence before it to make a proper determination. If Defendant seeks a ruling on this matter, it should file a motion for summary judgment and provide the necessary factual context: namely, the full and undisputed administrative record.

Because abuse of discretion review is an inherently contextual inquiry, the Court cannot determine on a motion to dismiss whether Defendant abused its discretion. Because the Court lacks sufficient evidence before it to determine the standard of review for this case, the Court cannot presently determine whether the abuse of discretion standard is even proper.

III.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

IT IS SO ORDERED.